UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRUCE DILLARD, | Case No. 1:99 CR 249 |
| Petitioner, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the Court is a document filed by Petitioner Bruce Dillard entitled "Writ of Audita Querela Title 28 U.S.C. § 1651" (hereafter "Audita Querela Writ"). (**ECF No. 212**.) Dillard notes specifically that this is not a motion pursuant to 28 U.S.C. § 2255 or a second or successive § 2255 motion. (Id. at 1.) The Court disagrees. Because Dillard has previously filed a § 2255 motion which was fully adjudicated and he has failed to seek authorization from the Sixth Circuit Court of Appeals to file another one, the Court lacks subject matter jurisdiction over it. For the following reason, the Audita Querela Writ is **DISMISSED**.

**I.**

On March 1, 2001, Bruce Dillard was convicted by a jury of two counts of distributing cocaine base; possessing with the intent to distribute cocaine base; using, carrying and brandishing a firearm in relation to a drug-trafficking crime; and being a convicted felon in possession of a firearm. (ECF Nos. 158-162.) Dillard was sentenced to life without parole plus seven years. (ECF Nos. His convictions were affirmed on appeal. (ECF Nos. 201, 202; *United States v. Dillard*, 78 Fed. Appx. 505 (6th Cir. Oct. 20, 2003).)

On March 31, 2005, Dillard filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, asserting six grounds for challenging the constitutionality of his convictions.  (ECF No. 205; see also Case No. 1:05 CV 855 ("Section 2255 Case"), ECF No. 1.)  On April 20, 2005, the Court issued a Memorandum of Opinion and Order summarily dismissing the Motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. (Section 2255 Case, ECF No. 4.)  On appeal, the Sixth Circuit vacated the summary dismissal of Dillard's ineffective assistance of counsel claims, and otherwise affirmed this Court's rulings. (Id., ECF No. 8.)  The Sixth Circuit remanded the case directing this Court to determine the following limited questions:

> 1) whether Dillard's claims were barred by an unexcused procedural default insofar as he alleged that he had been denied the effective assistance of counsel because his attorney failed to investigate and present eyewitness accounts of the drug raid that led to his arrest, failed to make an effective argument regarding selective prosecution, and failed to present evidence that the arresting officers were biased against him because of his race; and 2) whether these ineffective assistance of counsel claims otherwise have substantive merit.

(Id. at 2.)  On remand, the Court denied the remaining claims on the merits, refused to issue a certificate of appealability and certified that an appeal from the decision could not be taken in good faith.  (Section 2255 Case, ECF Nos. 14, 15.)  Dillard appeal the decision and filed an application for a certificate of appealability.  (Id., ECF No. 21, at 1.)  Upon review, the Sixth Circuit denied Dillard's application for a certificate of appealability and dismissed the appeal. (Id., ECF Nos. 19, 21.)

Dillard has now filed the pending Audita Querela Writ.  (ECF No. 212.)  Once the dust settles upon reviewing this 16-page document, it appears that Dillard is arguing that the

penalty provisions of the statutes under which he was convicted, 21 U.S.C. §§ 841, 846 and 881, were not properly enacted; thus, the court lacked jurisdiction to convict and sentence him. Regardless of what Dillard chooses to call this action, however, it is an action challenging the validity of his convictions and sentences which is, in substance, a collateral attack on a conviction/sentence that must be pursued under 28 U.S.C. § 2255. However, because this is his second action challenging the validity of his convictions / sentences, he must first obtain permission from the court of appeals before attempt to file it in the district court. *Halliburton v. United States*, 59 Fed.Appx. 55, 56, 2003 WL 271754 at *1 (6th Cir. Feb. 4, 2003) (citing, *inter alia*, 28 U.S.C. § 2244(b)(3)(A) and § 2255 ¶ 8)). Since he has not obtained such authorization, this Court lacks jurisdiction to adjudicate it.

Dillard's reliance on the All Writs Statute, 28 U.S.C. § 1651, is misplaced in any event. " 'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' " *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). Since 28 U.S.C. § 2255 specifically addresses this kind of post-conviction relief, use of the All Writs Act is inappropriate. *Worthy v. United States*, No. 1:98 CV 2631, 2005 WL 1126738 at *1 (N.D. Ohio Apr. 19, 2005) (citing *Carlisle*); *U.S. v. Logan*, 22 F.Supp.2d 691, 694 (W.D. Mich. 1998) (citing *Carlisle*). Moreover, the fact that relief may be barred by provisions of § 2255 or § 2244 does not entitle Dillard to relief under § 1651. *Logan*, 22 F.Supp.2d at 694 (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

Even if Dillard could bring such argument under the All Writs Act, it would be denied on the merits. "The writ is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *Halliburton*, 59 Fed.Appx. at 57 (citations omitted). The obtuse argument made by Dillard has already been rejected by several courts, with good reason. *See, e.g., Walton v. U.S.*, 184 F.Supp.2d 773, 776 (N.D. Ill. 2002); *U.S. v. Romig,* No. 00CR355JMR/RLE, 03-CV-2640(JMR), 2003 WL 22143730 at *1 n.2 (D. Minn. Aug. 18, 2003). Thus, Dillard would be unable to show a clear and indisputable right to the requested relief.

## II.

The argument set forth in this petition attacks the validity of Dillard's convictions and/or sentences; thus, it is a § 2255 motion. Because this is Dillard's second attempt to collaterally attack his convictions and/or sentences and Dillard has not obtained authorization from the Sixth Circuit to file it, the district court lacks subject matter jurisdiction to entertain it. Moreover, use of the All Writs Act to bring this challenge is simply inappropriate. Accordingly, the "Audita Querela Writ" (**ECF No. 212**) is hereby **DISMISSED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    September 23, 2008*
**Dan Aaron Polster**
**United States District Judge**